## LEWIS v. TOWN OF BETHEL.

(Supreme Court, Appellate Division, First Department.    April 4, 1913.)

VENUE (§ 52*)—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES.

In an action against a town for injury to a traveler, caused by a defective bridge, motion to change the place of trial to the county where the accident occurred should be granted, where 38 of defendant's wit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nesses reside in the latter county, though plaintiff intends to call several witnesses residing in the county where the action was brought.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Spurgeon Lewis against the Town of Bethel. From an order refusing to change the place of trial from New York to Sullivan county, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Henry Willis Smith, of New York City, for appellant.

Charles Trosk, of Brooklyn, for respondent.

DOWLING, J. This appeal is taken from an order denying defendant's motion to change the place of trial from New York county to Sullivan county, on the ground of the convenience of witnesses.

The action is brought to recover damages for the alleged negligence of the highway officers of the town of Bethel, in the county of Sullivan, in failing to keep the bridge known as the White Lake Brook Bridge, in said town, in a safe condition, as a result of which an automobile truck in which plaintiff was riding broke through said bridge, whereby plaintiff sustained injuries.

The accident having occurred in Sullivan county, the main question involved in the case is the condition of said bridge, and defendant purposes to produce 38 witnesses as to the issues directly involved, whose names are given, together with the facts as to which they are respectively to testify; all of them being residents of Sullivan county. The plaintiff purposes to call 3 witnesses, who were upon the truck at the time of the accident, and certain unnamed officers or employés of the American Locomotive Company, who are to be called as expert witnesses as to the weight of the truck, its general equipment, and other facts referring to its construction and operation. These witnesses are all claimed to reside in the city of New York. It is apparent upon this statement of facts that the proper place for the trial of this action is Sullivan county. Plaintiff makes the contention that he will be unable to procure a fair trial in said county, but the facts which he sets forth as warranting his inference to that effect are insufficient to justify the same.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to change the place of trial to Sullivan county granted, with $10 costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes